257 So.2d 695

### In re Floyd F. GREENE.

### No. 52192.

Feb. 24, 1972.

In re: Floyd F. Greene applying for writs of certiorari, prohibition and mandamus.

Writ denied. The trial court ruling is correct. See our per curiam in Docket No. 52,184, 257 So.2d 433 with regard to the relator's previous application.

DIXON, J., dissents from the refusal to grant the writ. The district attorney in Louisiana has no power to grant immunity, except in public bribery cases. Here, no one has been charged with bribery. See Art. XIX, sec. 13, La.Const. Art. I, sec. 11 La.Const. prohibits requiring any person to testify against himself, "except as provided in this Constitution."

BARHAM, J., concurs with reasons.

BARHAM, Justice (fully concurring with the majority and assigning written reasons only to meet the issue raised in the dissent).

The relator is before us solely seeking protection of his federal Fifth Amendment and Louisiana Article I, Section 11, rights, and the issue of the powers of the office of a Louisiana district attorney is not before us. Nevertheless Louisiana Constitution Article 19, Section 13, provides a special exception to the right against self-incrimination: "Any person may be compelled to testify in any lawful proceeding *against anyone who may be charged* with having committed the offense of bribery * * *." (Emphasis supplied.) Thereafter the section provides for immunity from self-incrimination in such a case.

The question propounded to this relator before the grand jury was: "Did you give Mr. Clarence Dupuy anything of value in order to secure the position as attorney for the inheritance tax collector?" Depending upon the answer to the question and expanding testimony and evidence relative thereto, the offense of bribery could be established under Article 19, Section 12, of our Constitution and under Title 14 of the Louisiana Revised Statutes. Only the substantial possibility of that offense need exist, for we cannot prejudge the case. It is certain that the grand jury is a "lawful proceeding". The language of Section 13 does not require that one "has been charged" with bribery, but requires only that there be "one who may be charged" with bribery. Although this question should have been pretermitted under this application, on the facts before us the question would have to be resolved that the power is granted to the district attorney to grant full immunity in the instant case under Louisiana constitutional and statutory authority. No federal question is now before

the courts as far as this relator is concerned, for even in the absence of this statutory authority his compulsory testimony under threat of contempt grants him full immunity under both federal and state Constitutions. See Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678.

Our constitutional Article 1, Section 11, and Article 19, Section 13, cannot be said to limit the federal constitutional right against self-incrimination. They perhaps expand it. Thus no federal question is presented, for we may expand rights and are forbidden only to restrict rights granted under the federal Constitution.